## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAMIAN M. ZIPF,<br>individually and on behalf of all others<br>similarly situated, | Case No. |
| Plaintiff, | |
| v. | Filed Electronically |
| NORTHWEST BANCORP, INC. d/b/a<br>NORTHWEST SAVINGS BANK, | |
| Defendant. | |

## CLASS ACTION COMPLAINT

Comes now, Damian M. Zipf, ("Plaintiff") on behalf of himself and all others similarly situated and alleges as follows:

## INTRODUCTION

1.      Plaintiff, Damian M. Zipf, brings this action individually and on behalf of all others similarly situated against Northwest Bancorp, Inc. d/b/a Northwest Savings Bank ("Defendant"), alleging violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., (the "ADA") and its implementing regulations, in connection with accessibility barriers at various properties owned and managed by Defendant ("Defendant's facilities").

2.      Plaintiff has a mobility disability and is limited in the major life activity of walking.  Specifically, Plaintiff has familial spastic paraparesis, which has caused him to be paralyzed and dependent upon a motorized wheelchair for mobility.

3.      Plaintiff has patronized Defendant's facilities in the past, and intends to continue to patronize Defendant's facilities.  However, unless Defendant is required to remove the access

barriers described below, Plaintiff will continue to be denied full access to Defendant's facilities as described, and will be deterred from fully using Defendant's facilities.

4.      Therefore, on behalf of a class of similarly situated individuals, Plaintiff seeks a declaration that Defendant's facilities violate federal law as described and an injunction requiring Defendant to remove the identified access barriers so that Defendant's facilities are fully accessible to, and independently usable by individuals with mobility disabilities, as required by the ADA.  Plaintiff further requests that, given Defendant's historical failure to comply with the ADA's mandate, over a period of many years, the Court retain jurisdiction of this matter for a period to be determined to ensure that Defendant comes into compliance with the relevant requirements of the ADA and to ensure that Defendant has adopted and is following an institutional policy that will, in fact, cause Defendant to remain in compliance with the law.

## THE ADA AND ITS IMPLEMENTING REGULATIONS

5.      On July 26, 1990, President George H.W. Bush signed into law the ADA, a comprehensive civil rights law prohibiting discrimination on the basis of disability.

6.      The ADA broadly protects the rights of individuals with disabilities in employment, access to State and local government services, places of public accommodation, transportation, and other important areas of American life.

7.      Title III of the ADA prohibits discrimination in the activities of places of public accommodation and requires places of public accommodation to comply with ADA standards and to be readily accessible to, and independently usable by, individuals with disabilities.  42 U.S.C. § 12181-89.

8.      Defendant is required to remove existing architectural barriers when such removal is readily achievable for places of public accommodation that existed prior to January 26, 1992,

28 CFR 36.304(a) and 42 U.S.C. Section 12182(b)(2)(A)(iv); in the alternative, if there has been

an alteration to Defendant's place of public accommodation since January 26, 1992, the

Defendant is required to ensure to the maximum extent feasible, that the altered portions of the

facility are readily accessible to and useable by individuals with disabilities, including

individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one

which was designed and constructed for first occupancy subsequent to January 26, 1993, as

defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and

useable by individuals with disabilities as defined by the ADA.

      9.     Defendant owns, operates, controls and/or leases a place of public

accommodation.

      10.    Defendant's facilities are not fully accessible to, and independently usable by

individuals who use wheelchairs.

      11.    While Defendant has centralized management policies regarding the design,

construction and maintenance of their facilities, those policies are inadequate, and Defendant's

facilities continue to be inaccessible to, and not independently usable by individuals who use

wheelchairs.

## JURISDICTION AND VENUE

      12.    This Court has federal question jurisdiction pursuant to 28 U.S.C. §1331 and 42

U.S.C. § 12188.

      13.    Plaintiff's claims asserted herein arose in this judicial district and Defendant does

substantial business in this judicial district.

14.     Venue in this judicial district is proper under 28 U.S.C. §1391(b)(1) and (2) in that this is the judicial district in which Defendant resides and a substantial part of the events and/or omissions at issue occurred within this judicial district.

## PARTIES

15.     Plaintiff, Damian M. Zipf, is and, at all times relevant hereto, was a resident of the Commonwealth of Pennsylvania.  As described above, as a result of his disability, Plaintiff relies upon a motorized wheelchair for mobility.  He is therefore a member of a protected class under the ADA, 42 U.S.C. § 12102(2) and the regulations implementing the ADA set forth at 28 CFR §§ 36.101 *et seq.*

16.     Defendant Northwest Bancorp, Inc. d/b/a Northwest Savings Bank is headquartered at 100 Liberty Street, P.O. Box 128, Warren, PA 16365.  Defendant is a public accommodation pursuant to 42 U.S.C. §12181(7)(F).

## VIOLATIONS AT ISSUE

17.     In February, 2014, Plaintiff visited Defendant's facility at 532 Lincoln Avenue, Pittsburgh, PA.  During his visit, Plaintiff encountered various barriers which impeded his access to, and ability to use, Defendant's facility.  The barriers encountered by Plaintiff included the following:

a)  The purportedly accessible parking spaces and/or access aisles had excessive slope;

b)  An accessible parking space lacked an access aisle; and,

c)  No parking spaces were marked as "Van Accessible."

18.     Based upon an investigation performed on Plaintiff's behalf, Plaintiff has become aware of additional architectural barriers at Defendant's facilities.   These additional barriers,

which were not directly encountered by Plaintiff but which Plaintiff has knowledge of as a result of the investigation conducted in connection with this case, include the following:

a) This investigation revealed excessive slopes within purportedly accessible spaces and/or access aisles at each of the following locations:

   i. 543 Brownsville Road, Pittsburgh, PA

   ii. 242 East Main Street, Carnegie, PA

   iii. 710 Old Clairton Road, Pittsburgh, PA

   iv. 6284 Library Road, Bethel Park, PA

   v. 7709 McKnight Road, Pittsburgh, PA

   vi. 10533 Perry Highway, Wexford, PA

   vii. 1811 McKees Rocks Road, McKees Rocks, PA

   viii. 1688 Route 228, Cranberry Township, PA

b) At Defendant's facility at 543 Brownsville Road, Pittsburgh, PA, an access aisle was less than 60 inches wide,

c) At Defendant's facility at 437 Cochran Road, Mt. Lebanon, PA, no parking spaces were marked as "Van Accessible,"

d) At Defendant's facility at 242 East Main Street, Carnegie PA, a required access aisle was not provided, and the accessible parking space was not marked with the required sign,

e) At Defendant's facility at 710 Old Clairton Road, Pittsburgh, PA, no parking spaces were marked as "Van Accessible,"

f) At Defendant's facility at 6284 Library Road, Bethel Park, PA, the accessible space was not marked with the required sign,

5

g) At Defendant's facility at 1811 McKees Rocks Road, McKees Rocks, PA, the accessible spaces were not marked with the required sign, and some of the accessible spaces were not the closest spaces to the accessible route.

19.    As a result of Defendant's non-compliance with the ADA, Plaintiff's ability to access and use Defendant's facilities has been significantly impeded.

20.    Though Defendant has centralized policies regarding the management and operation of their facilities, Defendant has never had a plan or policy that is reasonably calculated to make their facilities fully accessible to, and independently usable by individuals with mobility disabilities.

21.    As an individual with a mobility disability who is dependent upon a motorized wheelchair, Plaintiff has a keen interest in whether public accommodations have architectural barriers that impede fully accessibility to those accommodations by individuals with mobility impairments.

22.    Plaintiff intends to return to Defendant's facilities to bank and to ascertain whether those facilities remain in violation of the ADA.

23.    Without injunctive relief, Plaintiff will continue to be unable to fully access Defendant's facilities in violation of his rights under the ADA.

## CLASS ALLEGATIONS

24.    Plaintiff brings this class action on behalf of himself and all others similarly situated pursuant to Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure, on behalf of all wheelchair users who have attempted, or will attempt, to access Defendant's facilities.

25.     The class described above is so numerous that joinder of all individual members in one action would be impracticable.  The disposition of the individual claims of the respective class members through this class action will benefit both the parties and this Court.

26.     Typicality:  Plaintiff's claims are typical of the claims of the members of the class.  The claims of the Plaintiff and members of the class are based on the same legal theories and arise from the same unlawful conduct.

27.     Common Questions of Fact and Law:  There is a well-defined community of interest and common questions of fact and law affecting members of the class in that they all have been and/or are being denied their civil rights to full and equal access to, and use and enjoyment of, Defendant's facilities and/or services due to Defendant's failure to make its facilities fully accessible and independently usable as above described.

28.     Adequacy of Representation:  Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the members of the class.  Plaintiff will fairly, adequately, and vigorously represent and protect the interests of the members of the class and has no interests antagonistic to the members of the class.  Plaintiff has retained counsel who are competent and experienced in the prosecution of class action litigation, generally, and who possess specific expertise in the context of class litigation under the ADA.

29.     Class certification is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the Class, making appropriate both declaratory and injunctive relief with respect to Plaintiff and the Class as a whole.

**SUBSTANTIVE VIOLATION**

30.    The allegations contained in the previous paragraphs are incorporated by reference.

31.    Defendant's facilities were altered, designed, or constructed, after the effective date of the ADA.

32.    Defendant's facilities were required to be altered, designed, and constructed so that they are readily accessible to and usable by individuals who use wheelchairs. 42 U.S.C.§ 12183(a)(1).

33.    The architectural barriers described above demonstrate that Defendant's facilities were not altered, designed, or constructed in a manner that causes them to be readily accessible to and usable by individuals who use wheelchairs.

34.    The architectural barriers described above demonstrate that Defendant has failed to remove barriers, as required by 42 U.S.C. Section 12182(b)(2)(A)(iv).

35.    Defendant's facilities are required to comply with the Department of Justice's 2010 Standards for Accessible Design, or in some cases the 1991 Standards 42 U.S.C. § 12183(a)(1); 28 C.F.R. § 36.406; 28 C.F.R., pt. 36, app. A.

36.    Defendant is required to provide individuals who use wheelchairs full and equal enjoyment of their facilities. 42 U.S.C. § 12182(a).

37.    Defendant has failed, and continues to fail, to provide individuals who use wheelchairs with full and equal enjoyment of their facilities.

38.    Defendant has discriminated against Plaintiff and the Class in that it has failed to make its facilities fully accessible to, and independently usable by, individuals who use wheelchairs in violation of 42 U.S.C. § 12182(a) as described above.

39.     Defendant's conduct is ongoing, and Plaintiff has been harmed by Defendant's conduct.

40.     Given that Defendant has not complied with the ADA's requirements to make its facilities fully accessible to, and independently usable by, individuals who use wheelchairs, Plaintiff invokes his statutory right to declaratory and injunctive relief, as well as costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the members of the class, prays for:

a.     A declaratory judgment that Defendant is in violation of the specific requirements of Title III of the ADA described above, and the relevant implementing regulations of the ADA, in that Defendant's facilities, as described above, are not fully accessible to, and independently usable by, individuals who use wheelchairs;

b.     A permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.504 (a) which directs Defendant to take all steps necessary to remove the architectural barriers described above and to bring its facilities into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that its facilities are fully accessible to, and independently usable by, individuals who use wheelchairs, and which further directs that the Court shall retain jurisdiction for a period to be determined after Defendant's facilities come into compliance with the relevant requirements of the ADA to ensure that Defendant has adopted and is following an institutional policy that will in fact cause Defendant to remain fully in compliance with the law;

c.     An Order certifying the class proposed by Plaintiff, and naming Plaintiff as a class representative and appointing his counsel as class counsel;

d.     Payment of costs of suit;

e.     Payment of reasonable attorneys' fees, pursuant to 42 U.S.C. § 12205 and 28 CFR § 36.505; and,

f.     The provision of whatever other relief the Court deems just, equitable and appropriate.

Dated: February 13, 2014                    Respectfully Submitted,


                                            /s/ R. Bruce Carlson_____
                                            R. Bruce Carlson (PA56657)
                                            bcarlson@carlsonlynch.com
                                            Stephanie Goldin (PA202865)
                                            sgoldin@carlsonlynch.com
                                            Carlos R. Diaz (PA205177)
                                            cdiaz@carlsonlynch.com
                                            CARLSON LYNCH LTD
                                            PNC Park
                                            115 Federal Street, Suite 210
                                            Pittsburgh, PA 15212
                                            www.carlsonlynch.com
                                            (p)  412 322-9243
                                            (f)   412 231-0246